## WATERHOUSE *versus* BIRD.

Upon property attached and delivered by the officer into the hands of receiptors, who promised to pay a sum certain or re-deliver to him the property, the officer's lien is dissolved; and the property is liable to be attached at the suit of another creditor of the owner.

Replevin by the former cannot be maintained against the latter officer for attaching such property.

ON REPORT from *Nisi Prius*, HOWARD, J., presiding.

REPLEVIN, for a sloop.

The plaintiff was a constable, and having a writ against one Foss, had attached a sloop of which he owned one-fourth. Two of the part owners, with others, gave him an obligation to pay $100, or re-deliver the sloop in thirty days after the judgment in that suit, and the sloop was given up to them. While the owners of the three-quarters, and the receiptors were in possession of the sloop, and finishing the work undertaken at the time of plaintiff's attachment, the defendant attached the sloop at the suit of another creditor of Foss. Before he made this attachment, he was notified of the former attachment, by the person in charge, and that he with others had receipted for her. Both suits on which the sloop was attached, are pending in Court.

The case was withdrawn from the jury and submitted to

the full Court to enter a nonsuit or default, as the law may require.

*Shepley & Dana*, for the defendant.

We maintain this proposition, that where property is attached, and delivered by the officer up to the part owners, who have given a receipt in the usual form, that the officer's lien thereon is lost so that he can maintain no action of replevin for the property, on its being subsequently attached by an officer.

The Supreme Judicial Court in Massachusetts, (*Wentworth* v. *Leonard*, 4 Cush. 414,) doubted whether the relation of receiptors to the officer, was as his bailees and agents, or as an original contractor with him, under the receipt. The Court in this State, (*Penobscot Boom Corporation* v. *Wilkins*, 27 Maine, 345,) have decided that they stand as original contractors on their promise, and are permitted to defeat a suit by the officer, by showing that the property receipted for, did not belong to the defendant in the original suit; and this decision is sustained by the reason of the whole thing; and yet it would be anomalous, if the receiptor were simply the keeper of the officer.

It is the established doctrine in Massachusetts, that where a receipt has been taken, and the property has gone back into the hands of the owner, the officer's lien is lost. *Denny* v. *Willard*, 11 Pick. 519; *Robinson* v. *Mansfield*, 13 Pick. 139; and in this State, *Weston* v. *Dorr*, 25 Maine, 176.

A lien is simply a right to retain possession, and of course where there is no possession, there can be no lien. Smith's Mercantile Law, p. 565.

*Fox*, for the plaintiff, contended, that the attachment made by him was valid at the time defendant attached the same property, and cited *Merrill* v. *Curtis*, 18 Maine, 276; *Bond* v. *Paddleford*, 13 Mass. 394; *Baker* v. *Fuller*, 21 Pick. 318.

Tenney, J. — The only question involved in this case, is whether the attachment of the sloop, made by the plaintiff,

on the writ in favor of Elizabeth Clough against Lemuel Foss, was dissolved at the time the same property was attached by the defendant on a writ in favor of J. M. Deering.

One fourth part of the vessel, when attached, was owned by Lemuel Foss, and three fourths by Ira Andrews and his brothers, and was then used in the performance of a job of work, in which the owners were jointly interested, and so continued till the job was completed; Ira Andrews being master of the sloop.

On the day of the attachment by the plaintiff, and after it was made, he took the contract of Ira Andrews and three others, in which they agreed with him, for value received, that they would jointly and severally pay to him, constable of Portland, his heirs, executors and administrators, the sum of one hundred dollars on demand; or re-deliver the property, represented in the contract to have been attached by him in the aforenamed suit, on demand, in like good order and condition as when taken, free from expense to the plaintiff; and if no demand should be made for the property, they would re-deliver the same within thirty days after judgment in the action, in which it was attached. On giving the receipt, the vessel was given up to Ira Andrews by the plaintiff, who said, "you have got your vessel back again," and she continued to be used in the job, which the owners had undertaken, and afterwards completed.

This case is unlike that of *Bond* v. *Paddleford*, 13 Mass. 394, which is relied upon by the plaintiff, in which the person, whose property was attached, and for safe keeping, was put into the hands of a third person, a receipt therefor being taken, brought an action against the officer, who took possession of the property afterwards, while the suit was in progress, and undisposed of. The Court considered that the action against the officer was misconceived, and that the recciptor was the servant of the officer, who never parted with the property, and that the owner of the property returned as attached, could not complain of the officer.

We are unable to make a distinction favorable to the plaintiff between the case before us, so far as it respects the question presented, and the cases of *Denney* v. *Willard*, 11 Pick. 519; *Robinson* v. *Mansfield*, 13 Pick. 139, and *Weston* v. *Dorr*, 25 Maine, 176. In the case last referred to, it was held, that where an officer has attached goods on mesne process, and has delivered them up, on the written promise of two persons, to re-deliver them on demand, or pay their value, the receiptors have the election, whether they will pay the value or deliver the property, and the officer must be considered as having abandoned the possession, and permitted the goods to go to whomsoever they may belong.

Here the receiptors cannot be regarded as the servants of the plaintiff; for it is manifest, that he relied upon their contract for his security, and not upon the property itself; and they were left at liberty by him to do whatever they pleased with it; to permit it to go into the hands of the owner, or retain it in their own hands, for their security, on account of their liability on their agreement with the officer. The property attached did in fact go back into the same condition, in which it was before the attachment, and was used in precisely the same manner, in the prosecution of the work, in which the owner had been and continued to be engaged and interested. The plaintiff abandoned the property so far, that the attachment was dissolved, and that made by the defendant was by legal authority. *Plaintiff nonsuit: —*

*Judgment for a return.*

SHEPLEY, C. J., and WELLS, HOWARD and APPLETON, J. J., concurred.